

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Michael A. Geibelson, Bar No. 179970
MAGeibelson@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: 310-552-0130
Facsimile: 310-229-5800

Attorneys for Defendant
DICK'S SPORTING GOODS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DEAN, an individual suing individually and on behalf of the general public,, <br><br> Plaintiff, <br><br> vs. <br><br> DICK'S SPORTING GOODS, INC., a Delaware corporation; and DOES 1 through 40,, <br><br> Defendants. | Case No. **CV12-7313**—SVW (MANx) <br><br> **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446** <br><br> **Complaint Filed: July 25, 2012** <br> **Complaint Served: July 27, 2012** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF GARY DEAN AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Dick's Sporting Goods, Inc. ("Defendant") hereby removes this action from the Superior Court of California in and for Los Angeles County to the United States District Court for the Central District of California. Removal is proper in this case on the following grounds:[1]

---

[1] Defendant expressly reserves all Federal Rule of Civil Procedure 12(h) objections, including without limitation any objections it may have as to improper service,

60621782.2                                                          NOTICE OF REMOVAL

1.  Plaintiff Gary Dean ("Plaintiff") filed a class action lawsuit on July 25, 2012, individually and on behalf of those similarly situated, against Defendant. The action was commenced in the Superior Court of California in and for Los Angeles County and bears Case No. BC488889.

2.  The Complaint and Summons were served upon Defendant on July 27, 2012. This Notice of Removal is being filed within thirty (30) days of that date as required by 28 U.S.C. § 1446(b).

3.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant in this matter are attached to this Notice of Removal as **Exhibit 1**.

4.  The Superior Court of California in and for Los Angeles County is located within the Central District of California, wherein this Notice of Removal is being filed.

5.  Dick's Sporting Goods, Inc. is the only named Defendant, and consents to the removal of the State Court Action to this Court.

6.  Defendant is not aware of the existence of or service of any "Doe" defendant; consequently, no further consent to removal is required. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984).

jurisdiction, venue, or any other defenses or objections to this action. Defendant further intends no admission of fact, law, or liability by this Notice, and it reserves all defenses, motions, and arguments. By way of setting forth the bases for removal from this Notice, Defendant in no way concedes the truth of the allegations in the Complaint. Nor does Defendant concede that the alleged claims are amenable to class treatment or that Plaintiff or any proposed class member is entitled to any recovery. On the contrary, Defendant does and will dispute the claims in their entirety.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    7.    This case is properly removed to the United States District Court for

2 the Central District of California, pursuant to 28 U.S.C. § 1453(b) as diversity

3 jurisdiction is established under 28 U.S.C. § 1332(d) for the reasons set forth

4 below.

5

6                                   **CLASS SIZE**

7    8.    This case is properly removed to the United States District Court for

8 the Central District of California, pursuant to 28 U.S.C. § 1453(b) as diversity

9 jurisdiction is established under 28 U.S.C. § 1332(d).

10   9.    Plaintiff purports to bring a class action lawsuit under *California Civil*

11 *Code* § 1747.08 on behalf of himself and a class of persons defined in the

12 Complaint as follows: "The class consists of persons who purchased merchandise

13 with a credit card at Dick's retail stores in California from July 26,2011 through

14 July 25, 2011 and who were asked to provide personal identification information,

15 including their home telephone number and email address, for recording onto a

16 form with spaces specifically designated for such information in conjunction with a

17 credit card purchase transaction" (herein referred to as the "putative class").

18 (Compl. at ¶ 10). Given this expansive definition, the number of persons who are

19 potential members of the putative class is over 5,001 for even the limited period set

20 forth. (Decl. of Paul Siroky at ¶ 2).

21

22

23

24

25

26

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**AMOUNT IN CONTROVERSY**[2]

10.     Plaintiff further asserts that the class is entitled to statutory damages pursuant to California Civil Code section 1747.08(e). (Compl. at ¶ 29). California Civil Code section 1747.08(e) provides for statutory penalties as follows: "e) Any person who violates this section shall be subject to a civil penalty not to exceed two hundred fifty dollars ($250) for the first violation and one thousand dollars ($1,000) for each subsequent violation, to be assessed and collected in a civil action brought by the person paying with a credit card." As set forth in the declaration of Paul Siroky filed herewith, during the period set forth for the putative class, more than 5,001 transactions occurred in Dick's Sporting Goods' retail stores in California in the course of which customers' personal identification information was accessed or obtained from customers and keyed into the Point of Sale and downstream systems that contain the data concerning customers' transactions at those stores. Thus, to the legal certainty standard set forth in *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007), the amount of statutory damages claimed and thus the amount in controversy for that period alone exceeds $5,000,250.00 ($250 + (5,000 x $1,000)). The amount in controversy for the entire statutory period is greater. *See Cal. Code Civ. P.* §340(a).

11.     In a class action, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum of $5,000,000." 28 U.S.C. § 1332(d); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) (stating that subject to certain limitations, the Class Action Fairness Act ("CAFA") confers federal diversity jurisdiction over class actions where the aggregate amount in controversy exceeds $5 million).

---

[2] The information set forth in this Notice relates only to the amounts that Plaintiff's allegations have placed in controversy under CAFA, and nothing in this Notice or the attached materials may be construed as any form of concession or representation by Defendant as to the validity or accuracy of Plaintiff's allegations.

12.    This amount of claimed damages and attorneys' fees and costs, aggregated on a class-wide basis, may be factored into the amount-in-controversy calculation. *See Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998).

13.    If the plaintiff does not plead an amount of damages and an amount is not otherwise "facially apparent" from the Complaint, "the court may consider facts in the removal petition" to determine the amount at issue. *See Krosk v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citing *Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

14.    Plaintiff seeks to represent all persons in California from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction (herein referred to as the "Class"). (Compl. at ¶ 10).

15.    As such and for purposes of this Notice, Defendant represents that Plaintiff's claims cover over 5,001 transactions.

16.    Accordingly, the aggregated statutory damages and attorneys' fees, as per 28 U.S.C. § 1332(d)(6), as pleaded by Plaintiff, surpass the $5 million amount in controversy requirement under CAFA to a legal certainty.[3] Accordingly, removal is proper.

## MINIMAL DIVERSITY

17.    Plaintiff's residence is not alleged, however, he seeks to take advantage of California law which does not apply to foreign residents and extraterritorial transactions, and he alleges he engaged in the transaction that is the

---

[3] Particularly in the presence of overlapping caims by other putative class representatives who do not disclaim any amount in excess of $5 Million, a disclaimer of any of that amount would demonstrate the inadequacy of class counsel to represent the class for counsel's preference for some of the claimed class members over others.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

subject of this action in California. (Compl. at ¶ 21.) Plaintiff alleges, and it is correct, that Defendant is a Delaware corporation and its principal place of business is in Pennsylvania. (Decl. of Mary Tortorice at ¶ 2). This minimal diversity is sufficient for removal to federal court under CAFA, which grants federal district courts original jurisdiction over a civil class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d); *see also Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

## VENUE

18.    Venue is proper in this District under 28 U.S.C. § 1391(a)(2) because Plaintiff alleges that a substantial part of the events or omissions giving rise to the claim occurred in this District. (Compl. at ¶ 21.)

## STATE COURT FILE

19.    The following constitutes all of the processes, pleadings, or orders that have been filed in the State Court Action and/or served upon or by Defendant at the time of the filing of this removal. True and correct copies of the following documents are attached to this Notice:

          A. Complaint for Civil Penalties, Damages and Injunctive Relief

          B. Civil Case Cover Sheet

20.    By filing this Notice of Removal, Defendant does not waive any defenses which may be available to it, specifically including, but not limited to, insufficient service of process and the absence of venue in this Court or in the court from which this action has been removed or with respect to the impropriety of the action as a class action.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

21.   Defendant represents that promptly after this filing, Notice of Removal shall be served on Plaintiff's counsel and a copy will be filed with the Clerk of the Superior Court of California in and for Los Angeles County.

Respectfully submitted,

DATED:  August 24, 2012        **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: _____
        Michael A. Geibelson

**ATTORNEYS FOR DEFENDANT**
**DICK'S SPORTING GOODS, INC.**



1  BLUM | COLLINS, LLP
   STEVEN A. BLUM BAR NO.  (SBN 133208)
2  JACQUELINE A. AXTELL BAR NO.  (SBN 137328)
   707 Wilshire Blvd., Ste. 4880
3  Los Angeles, CA 90017
   Telephone: (213) 572-0400
4  Facsimile: (213) 572-0401

5  Attorneys for Plaintiff
   GARY DEAN

6

**FILED**
Los Angeles Superior Court

JUL 25 2012

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
     SHAUNYA WESLEY

7        SUPERIOR COURT OF THE STATE OF CALIFORNIA

8               FOR THE COUNTY OF LOS ANGELES

9

10  GARY DEAN, an individual, suing          )  CASE NO.   BC 488389
    individually and on behalf of the general )
11  public,                                   )  CLASS ACTION
                                              )
12                       Plaintiff,           )
                                              )
13        vs.                                 )
                                              )  COMPLAINT FOR CIVIL PENALTIES,
14  DICK'S SPORTING GOODS, INC., a            )  DAMAGES, AND INJUNCTIVE RELIEF
    Delaware corporation; and DOES 1 through  )
15  40,                                       )
                                              )
16                       Defendants.          )
                                              )
17

18

19

20

21

22

23

24

25

26

27

28

Complaint

Plaintiff Gary Dean alleges:

## I

## PARTIES

1.      Plaintiff Gary Dean, an individual, brings this action on behalf of himself, on behalf of the general public as a Private Attorney General pursuant to Cal. Code of Civ. Proc. § 1021.5, and on behalf of a class of similarly situated persons pursuant to Cal. Code of Civ. Proc. § 382.

2.      Defendant Dick's Sporting Goods, Inc. ("Dick's") is a Delaware corporation doing business in the State of California under the names Dick's Sporting Goods, Inc., commonly known as "Dick's Sporting Goods" or "Dick's. Dick's is a national sporting goods retailer offering a broad assortment of brand name sporting goods equipment, apparel and footwear in a specialty store environment. As of January 28, 2012, Dick's operated 480 retail Dick's stores in 43 states with 19 locations in California. Dick's reports 5.2 billion dollars in net sales for 2011.

3.      Plaintiff is unaware of the true names and capacities, whether individual, association, partnership, corporation, or otherwise, of Does 1 through 40 and therefore sues these defendants by these fictitious names. Each Doe defendant is the principal, agent, or employee of the other and was acting within the scope of such agency or employment to commit the acts alleged herein. Each Doe defendant sued herein aided and abetted the other with the intent that each would be successful in their mutual endeavors. Each Doe defendant contributed to Plaintiff's damages and the statutory violations alleged herein. Plaintiff will amend this complaint to allege the Doe defendants' true names and capacities when ascertained.

1

Complaint

## II

### INTRODUCTION

4.     Cal. Civ. Code § 1747.08 generally prohibits retailers who accept credit cards for the transaction of business from requesting or requiring their credit card customers to provide personal identification information for recording in any manner.[1] "Personal identification information" is defined by Cal. Civ. Code § 1747.08(b) to mean any information concerning the cardholder "other than information set forth on the credit card, and, including but not limited to, the cardholder's address and telephone number."

5.     The statutory meaning of "personal identification information" under Cal. Civ. Code § 1747.08(b) includes telephone numbers and email addresses. (*Florez v. Linens 'N Things, Inc.* [2003] 108 Cal. App. 4th 447; *Powers v. Pottery Barn, Inc.* [2009] 177 Cal. App. 4th 1039.)

6.     This action arises from Dick's' violations of Cal. Civ. Code § 1747.08 by and through its uniform, state-wide practice of requesting and recording its customers' "personal

---

[1]     Cal. Civil Code § 1747.08(a) provides in relevant part:

"(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do either of the following:

\*\*\*

(2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.

(3) Utilize, in any credit card transaction, a credit card form which contains preprinted spaces specifically designated for filling in any personal identification information of the cardholder."

2

Complaint

1  identification information" in conjunction with credit card purchase transactions at the point-of-

2  sale at Dick's locations throughout California.  The action will enforce an important right

3  affecting the public interest and will confer a significant benefit, whether pecuniary or non-

4  pecuniary, on a large class of persons.  Private enforcement is necessary and places a

5  disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

6

7                                   III

8                      JURISDICTION AND VENUE

9          7.      Dick's does business in California, and in the County of Los Angeles.  Dick's

10  accepts credit cards for the transaction of business at its retail stores throughout California,

11  including the County of Los Angeles, which is where the transaction in this case occurred.

12

13          8.      The amount in controversy exceeds the jurisdictional minimum of this court.

14

15                                   IV

16                      CLASS ACTION ALLEGATIONS

17          9.      Plaintiff Gary Dean is a California consumer who is a member of an ascertainable

18  class of persons who are similarly situated.

19

20          10.     The class consists of persons who purchased merchandise with a credit card at

21  Dick's retail stores in California from July 26, 2011 through July 25, 2012 and who were asked

22  to provide personal identification information, including their home telephone number and email

23  address, for recording onto a form with spaces specifically designated for such information in

24  conjunction with a credit card purchase transaction.

25

26          11.     July 26, 2011 through July 25, 2012 is referred to as the "Class Period."

27

28                                   3
                              Complaint

12.     Plaintiff is informed and believes that Dick's collects its customers' personal identification information to create a database of customers for its own marketing and other data collection purposes in violation of the Song-Beverly Credit Card Act, codified, in part, at Cal. Civ. Code § 1747.08, *et seq.* (the "Act"). Dick's requests and records its credit card customers' telephone numbers and email address into an electronic database while processing credit card purchase transactions. Plaintiff is informed and believes that Dick's uses its database for its own marketing purposes and sells the personal identification information it has compiled to third parties for their own direct marketing purposes. Dick's reports a 7.0% increase in net sales from 2010 to 2011 and attributes its success, in part, to its personal identification information capture policy; which violates California law and gives Dick's an unfair advantage over its law-abiding competitors. Plaintiff and all members of the Class were subject to this personal identification information capture policy.

13.     The proposed class is sufficiently numerous that it is impracticable to bring all members, as individuals, before this Court. While the exact number of members of the class is known only to Dick's and can only be determined by appropriate discovery, Plaintiff is informed and believes that there are hundreds of thousands of class members.

14.     There is a well-defined community of interest among the members of the Class because there are common questions of law and fact affecting individual members. Common questions of law and fact are simple and predominate any other issues:

- During the Class Period, did Dick's engage in a practice throughout California of asking customers purchasing merchandise with a credit card at Dick's retail stores to provide personal identification information, including their telephone number and email address, for recording onto a form with spaces specifically designated for such information in conjunction with the credit card transaction?

4

Complaint

• If so, did this practice violate Cal. Civ. Code §§ 1747.08(a)(2) and/or (a)(3)?

• Once Plaintiff establishes that it was Dick's practice to engage in the above class activities in California, and that the alleged practices violate Cal. Civ. Code § 1747.08(a), Plaintiff will have established the right to recover for every member of the class. The proper measure of civil penalties or damages for each class transaction will also be answered in a uniform and consistent manner.

15.   Plaintiff's claims are typical of the claims of the members of the Class. As a result of Dick's wrongful conduct complained of in this Complaint, Plaintiff and all members of the class are entitled to a civil penalty of up to $250 for the first violation and up to $1,000 for each violation thereafter under Cal. Civ. Code § 1747.08(e) and damages for the violation of their constitutional right to privacy.

16   Plaintiff will fairly and adequately protect the interests of the members of the class and has retained competent and experienced counsel.

17.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since any civil penalty awarded to individual class members may be small, and since Dick's is a national retailer with at least 19 locations throughout California, the expense and burden of individual litigation makes it impractical for most class members to seek redress, individually, for the wrongful conduct alleged.

18.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

19.     Plaintiff is informed and believes that the names, telephone numbers, and email addresses of the members of the Class are known to Dick's and can be obtained through discovery.

20.     Dick's is a firm, partnership, association or corporation that accepts credit cards for the transaction of business in California.

21.     On June 27, 2012, Plaintiff purchased goods with a credit card at the Dick's retail store located at 26951 Carl Boyer Drive, Santa Clarita, California 91350 in Los Angeles County. In conjunction with the processing of plaintiff's credit card purchase transaction, Dick's requested plaintiff's telephone number and email address for recording into an electronic cash register on a form with spaces specifically designated for such information. The requested personal identification information appeared necessary to process the sale transaction.  Plaintiff provided and recorded his telephone number and email address as requested.  Plaintiff is informed and believes that Dick's stored his name, credit card number, telephone number and/or email address in a database, which Dick's uses for marketing purposes and its own financial gain and profit and sells such information to third parties for their own direct marketing purposes.

22.     Plaintiff is informed and believes that Dick's engaged in a pattern and practice of knowingly requesting or requiring and recording personal identification information in conjunction with his credit card purchase transaction that is prohibited by Cal. Civ. Code §§ 1747.08(a)(2) and (a)(3).  Plaintiff is informed and believes that he was not the victim of a random incident.

23.     Plaintiff is informed and believes that Dick's has been engaged in, and continues to engage in, a similar practice affecting the entire Class since at least July 26, 2011.

Complaint

V

## FIRST CAUSE OF ACTION

(Violation of Cal. Civ. Code §1747.08;

For Civil Penalties Against All Defendants)

24.     Plaintiff incorporates paragraphs 1 through 23.

25.     State consumer privacy statutes are designed to further the important public policy of protecting the privacy rights of Californians.  To deter and punish invasion of those rights, the Legislature enacted Cal. Civ. Code §1747.08, which provides, in pertinent part, that:

> "[No] person, firm, partnership, association, or corporation which
> accepts credit cards for the transaction of business shall . . .
> [r]equest, or require as a condition to accepting the credit card as
> payment in full or in part for goods or services, the cardholder to
> provide personal identification information, which the person, firm,
> partnership, association, or corporation accepting the credit card
> writes, causes to be written, or otherwise records upon the credit card
> transaction form or otherwise." (Cal. Civ. Code § 1747.08(a)(2))

26.     Personal identification information includes any information about the cardholder that is not set forth on the credit card.  The statute reads:

> "For purposes of this section 'personal identification information,'
> means information concerning the cardholder, other than information
> set forth on the credit card, and including, but not limited to, the
> cardholder's address and telephone number." (Cal. Civ. Code
> § 1747.08(b))

7

Complaint

27.     During the Class Period, when Plaintiff bought goods with a credit card at a Dick's retail store in Santa Clarita, California, Dick's requested and recorded plaintiff's personal identification information as defined by Cal. Civ. Code § 1747.08(b), including plaintiff's telephone number and email address, onto a form with spaces designated for such information. This practice violates Civil Code § 1747.08(a)(2).  (*Pineda v. Williams-Sonoma Stores, Inc.* [2011] 51 Cal. 4th 524; *Powers v. Pottery Barn, Inc.* [2009] 177 Cal. App. 4th 1039; *Florez v. Linens 'N Things, Inc.* [2003] 108 Cal. App. 4th 447.)

28.     The purpose of the consumer privacy statute is punitive and deterrent.  Cal. Civ. Code § 1747.08(e) provides in pertinent part:

> "Any person who violates this section shall be subject to a civil penalty not to exceed two hundred fifty dollars ($250) for the first violation and one thousand dollars ($1,000) for each subsequent violation, to be assessed and collected in a civil action brought by the person paying with a credit card, by the Attorney General, or by the district attorney or city attorney of the county or city in which the violation occurred . . . .  When collected, the civil penalty shall be payable, as appropriate, to the person paying with a credit card who brought the action, or to the general fund of whichever governmental entity brought the action to assess the civil penalty."

8

Complaint

29.   The maximum penalty is warranted here because:

- Dick's is a sophisticated, national retailer doing business in California;

- Dick's collected its customers' personal identification information at the point-of-sale in conjunction with credit card transactions for its own financial gain by creating a database for marketing purposes and for sale to third parties;

- Dick's thereby violated the Act and exposed its customers to the risk of identity theft and fraud, and endangered its customers' physical safety for its own financial gain and profit; and

- As a successful national retailer doing business in California, Dick's is expected to be aware of the consumer protection laws set forth in the Act, but has blatantly violated them.

30.   Unless the maximum penalty is imposed in this case, Dick's and other large retail corporations — which openly break the rules for their own benefit — will not be deterred from violating consumer privacy rights in the future.  Moreover, without substantial penalties, private attorneys general will not stop forward to enforce consumer privacy laws in the public interest.

9

Complaint

## VI

### SECOND CAUSE OF ACTION

(Violation of Cal. Civ. Code §1747.08:

For Civil Penalties Against All Defendants)

31.     Plaintiff incorporates paragraphs 1 through 30.

32.     State consumer privacy statutes are designed to further the important public policy of protecting the privacy rights of Californians.  To deter and punish invasion of those rights, the Legislature enacted Cal. Civ. Code §1747.08, which provides, in pertinent part, that:

> "[No] person, firm, partnership, association, or corporation which
> accepts credit cards for the transaction of business shall . . . [u]tilize,
> in any credit card transaction, a credit card form which contains
> preprinted spaces specifically designated for filling in any personal
> identification information of the cardholder."  (Cal. Civ. Code
> § 1747.08(a)(3).)

33.     During the Class Period, when Plaintiff purchased merchandise with a credit card at an Dick's retail store in Santa Clarita, California, Dick's utilized a credit card form to record plaintiff's personal identification information, including his home telephone number and email address in conjunction with the credit card purchase transaction.  The credit card form had preprinted spaces designated for this information.  Dick's' practice of utilizing such a form violates Cal. Civ. Code § 1747.08(a)(3).

34.     The purpose of the consumer privacy statute is punitive and deterrent.  Cal. Civ. Code §1747.08(e) provides in pertinent part:

10

Complaint

"Any person who violates this section shall be subject to a civil penalty not to exceed two hundred fifty dollars ($250) for the first violation and one thousand dollars ($1,000) for each subsequent violation, to be assessed and collected in a civil action brought by the person paying with a credit card, by the Attorney General, or by the district attorney or city attorney of the county or city in which the violation occurred. . . . When collected, the civil penalty shall be payable, as appropriate, to the person paying with a credit card who brought the action, or to the general fund of whichever governmental entity brought the action to assess the civil penalty."

35.   The maximum penalty is warranted here because:

- Dick's is a sophisticated, national retailer doing business in California;

- Dick's collected its customers' personal identification information at the point-of-sale in conjunction with credit card transactions for its own financial gain by creating a database for marketing purposes and for sale to third parties;

- Dick's thereby violated the Act and exposed its customers to the risk of identity theft and fraud, and endangered its customers' physical safety for its own financial gain and profit; and

11

Complaint

- As a successful national retailer doing business in California, Dick's is expected to be aware of the consumer protection laws set forth in the Act, but has blatantly violated them.

36.     Unless the maximum penalty is imposed in this case, Dick's and other large retail corporations — which openly break the rules for their own benefit — will not be deterred from violating consumer privacy rights in the future.  Moreover, without substantial penalties, private attorneys general will not step forward to enforce consumer privacy laws in the public interest.

WHEREFORE, Plaintiff on his own behalf, on behalf of the Class, and on behalf of the general public, prays for:

1.     Statutory civil penalties in an amount to be proven at trial, in excess of the minimum jurisdictional amount of this Court;

2.     General damages according to proof;

3.     Special damages according to proof;

4.     A preliminary and permanent injunction enjoining Dick's from requesting and recording personal identification information, including its credit card customers' telephone numbers and email addresses, at the point-of-sale while processing credit card transactions at its retail stores in California;

5.     A declaration of rights and liabilities of the parties;

12

Complaint

6.      Certification of this lawsuit as a class action;

7.      Interest according to law;

8.      Costs of suit;

9.      Attorneys' fees under Cal. Code Civ. Proc. § 1021.5, commonly referred to as the Private Attorney General statute, or as otherwise allowed by law; and

10.     Such other and further relief as the Court deems just.

July 26, 2012                                    BLUM|COLLINS, LLP
                                                 STEVEN A. BLUM
                                                 JACQUELINE A. AXTELL



                                                 JACQUELINE A. AXTELL
                                                 Attorney for Plaintiff
                                                 Gary Dean

13

Complaint

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

    Michael A. Geibelson
Michael A. Geibelson (SBN 179970)
Robins, Kaplan, Miller & Ciresi L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
TELEPHONE NO.: 310.552.0130   FAX NO.: 310.229.5800
ATTORNEY FOR *(Name):* Dick's Sporting Goods, Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME: Gary Dean v. Dick's Sporting Goods, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC 488389<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[x] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify):* 2

5. This case [x] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 24, 2012

  Michael A. Geibelson
_____       ▶ _____
(TYPE OR PRINT NAME)                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**   *Legal Solutions Plus* | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|



**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| Gary Dean, an individual suing individually and on behalf of the general public | Dick's Sporting Goods, Inc. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Steven A. Blum (SBN 133208)<br>Blum & Collins, LLP<br>707 Wilshire Blvd., Suite 4880<br>Los Angeles, CA  90017<br>Telephone No. 213.572.0400 | Michael A. Geibelson (SBN 179970)<br>Robins, Kaplan, Miller & Ciresi L.L.P.<br>2049 Century Park East, Suite 3400<br>Los Angeles, CA  90067<br>Telephone No. 310.552.0130 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    **MONEY DEMANDED IN COMPLAINT: $** <75,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violation of Cal. Civ. Code Sec. 1747.08 for Civil Penalties Against All Defendants

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER<br>PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | IMMIGRATION | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-7313

| FOR OFFICE USE ONLY: | Case Number: |
|---|---|

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a).   **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   [X] No   [ ] Yes
If yes, list case number(s):

VIII(b).   **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   [X] No   [ ] Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   [X]   A.  Arise from the same or closely related transactions, happenings, or events; or
   [X]   B.  Call for determination of the same or substantially related or similar questions of law and fact; or
   [X]   C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
   [ ]   D.  Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

IX.  **VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
   [ ] Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
   [ ] Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Pennsylvania |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date August 24, 2012
Michael A. Geibelson

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |