IROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Michael A. Geibelson, Bar No. 179970
MAGeibelson@rkmc.com
Emily A. Jarvis, Bar No. 265223
EAJarvis@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: 310-552-0130
Facsimile: 310-229-5800

Attorneys for Defendant
DICK'S SPORTING GOODS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GARY DEAN, an individual, suing individually and on behalf of the general public,

Plaintiff,

vs.

DICK'S SPORTING GOODS, INC. a Delaware corporation; and DOES 1 through 40,

Defendants.

Case No. CV12-07313-SVW (MANx)

**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION**

**INTRODUCTION**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation for Protective Order ("Stipulation") filed on November 20, 2012, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraph 3.2, 3.3, 4.7, and 5 of the Stipulation.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, Highly Confidential, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, Highly Confidential, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as Confidential, Highly Confidential, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting

only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## TERMS OF PROTECTIVE ORDER

### 1. DEFINITIONS

1.1 "Confidential" Information: means any confidential, sensitive, or proprietary Information, including trade secrets, competitively sensitive Information, financial Information, and personal or customer Information that is legally protected under standards developed under Fed. R. Civ. P. 26(c) and not publicly available. Confidential Information shall not include publicly available Information. Confidential Information may be included, without limitation, in the following: exhibits and testimony taken at a deposition, affidavits, or declarations; correspondence; answers to interrogatories, requests for admissions, or other discovery; Documents and tangible things produced by a party or person (whether produced pursuant to Fed. R. Civ. P. 34, subpoena, or otherwise); and briefs or other papers that may quote, summarize, refer to, or contain Confidential Information.

1.2 "Highly Confidential" Information: means extremely sensitive Confidential Information whose disclosure to another party or non-party would create a risk of injury by the disclosure of trade secrets or other valuable commercial or competitively-sensitive Information, or by the invasion of privacy, that could not be avoided by less restrictive means.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1.3 Document: the term "Document" shall have the most comprehensive and inclusive meaning ascribed to it by Fed. R. Civ. P. 34 or Fed. R. Evid. 1001, and includes without limitation any written, recorded, electronically stored, or graphic material.

1.4 Producing Party: means a party or non-party who or which produces Documents, Information, or other materials in connection with this Litigation.

1.5 Receiving Party: means a party in or third party to this Litigation (or counsel thereto and their agents) who or which obtains Documents or Information from a Producing Party in connection with this Litigation.

1.6 Professional Vendors: persons or entities who or which provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

1.7 Legend: means a large, bold stamp or similar insignia stating either "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

1.8 This Action or this Litigation means the above-captioned action.

**2. SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Confidential or Highly Confidential -- Attorneys' Eyes Only Information, but also any Information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential or Highly Confidential Information.

**3. DESIGNATION**

3.1 Exercise of Good Faith and Care in Designating Confidential Information. Any party to this action may designate Information "Highly Confidential" or "Confidential" in the reasonable exercise of that party's discretion



ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

and upon a good faith belief that such Information may reasonably be considered Confidential or Highly Confidential Information, provided, however, that by **having stipulated to the entry of** this Protective Order, no party waives the right to challenge any other party's designation. Each Producing Party that designates Information for protection under this Protective Order must take care to limit any such designation to materials that qualify under the standards set forth herein. Mass indiscriminate or routinized designations are improper. A Producing Party shall not designate Information for protection under this Protective Order where such designation is clearly unjustified or is made for an improper purpose (*e.g.* to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties).

3.2 Manner and Timing of Designations.

(a) Designation of Documents or Filings. To designate Confidential or Highly Confidential Information in Documentary form, the designating party shall place the Legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" at the top and/or bottom (as appropriate) of each page that contains material to be protected under this Protective Order.

(b) Designation of Testimony Transcripts. To designate Confidential or Highly Confidential Information in testimony (or in exhibits referred to therein), the designating party shall: (1) make an oral statement to such effect on the record in the course of the deposition, or (2) designate a certified deposition transcript, or portions thereof, as Confidential or Highly Confidential by so notifying all parties in writing within thirty (30) days after receipt of such transcript. Pending the conclusion of that thirty day period, the transcript or exhibits shall be treated as Highly Confidential.

Portions of transcripts and exhibits containing Confidential or Highly Confidential Information must be separately bound by the court reporter,



ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

who must affix to the top of each page the Legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," as instructed by counsel for the party who designated the **deposition** transcript or exhibit Confidential or Highly Confidential — Attorneys' Eyes Only. If, during any deposition, any party desires to elicit testimony and/or introduce Documents or other Information **that** has been designated as Confidential or Highly Confidential, or when counsel for a party deems that the answer to a question will result in the disclosure of Confidential or Highly Confidential Information within the meaning of this Protective Order, any person present at the deposition who is not permitted access to such Information shall leave the deposition during the examination or argument. The failure of such persons to leave the deposition shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question.

(c) Designation of Material Produced in Non-Paper Media or Other Tangible Items. To designate non-paper media (*e.g.*, videotape, audiotape, computer disk, etc.), the Producing Party shall affix in a prominent place on the exterior of such non-paper media the Legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY." In the event the Receiving Party generates any copy, transcription, or printout from any such designated non-paper media, such party must mark such copy, transcription or printout as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and treat it as so designated.

3.3 Levels of Confidentiality Designations. There shall be two levels of confidentiality pertaining to **deposition** testimony, Documents, things and Information as follows hereunder.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

(a) Any **deposition** testimony, Documents, things, and Information designated as "Highly Confidential" is accessible only by the following persons:

(i) Counsel of record for the respective parties in this action, and the attorneys, paralegals, and staff employed by counsel who have been assisting in the conduct of this action;

(ii) In-house counsel and their paralegals and staff who are actively working on this action for the respective parties;

(iii) The courts (including appellate courts), arbitrators, and mediators, and the personnel of any of the foregoing;

(iv) Any person identified on the face of a specific Document or thing (such as a Document that is to, from, or copying that person), provided that if such person is not a party's current employee, officer, or director, such person executes a Certification in the form shown in Exhibit A. If such person is not identified on the face of a Document or thing, then it is the burden of the party seeking such further disclosure to establish by competent testimony of a witness under oath, that such person is its originator, author, or a recipient of a copy thereof; if so established, such person's access shall be limited to the specific Document or thing itself, but only after execution of a Certification in the form shown in Exhibit A;

(v) Experts and consultants (including their employees) engaged by counsel to assist in this Litigation, to whom it is necessary that the designated material be shown for purposes of assisting counsel in this Litigation, provided that such persons execute a Certification in the form shown in Exhibit A;

(vi) Professional Vendors; and

(vii) Any other persons as the parties may agree to in writing or as the Court may order.

(b) Any **deposition** testimony, Documents, things, and Information designated as "Confidential" is accessible only by the following persons:

(i) Persons having access to “Highly Confidential” Information; and

(ii) The named Plaintiffs and Defendants (and their employees); and

(iii) Fact witnesses providing testimony by deposition in this case, but only after execution of a Certification in the form shown in Exhibit A. The party taking the deposition or questioning the witness may only use Confidential Information provided by: (i) itself; (ii) the witness; or (iii) the witness' employer. A party's use of its own Confidential Information during a deposition shall not constitute a waiver of the Confidentiality designation.

3.4 Conflicts in Designation. If the parties designate the same Information as having different levels of confidentiality, the higher designation shall control until, and unless, the Court rules differently. If the Receiving Party believes that any Information should be protected by a higher degree of confidentiality than specified by the Producing Party, and has not previously produced and/or so designated the Information and the Producing Party does not agree to modify the level of confidentiality, the Receiving Party may, at any time, seek a ruling from the Court to that effect. If it comes to a Producing Party's attention that Information it designated for protection does not qualify for protection at all, or does not qualify for the level of confidentiality initially asserted, that Producing Party shall promptly notify all other parties that it is withdrawing the mistaken designation.

3.5 Inadvertent Failure to Designate. A party's inadvertent failure to designate Information as Confidential or Highly Confidential shall not be construed



ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

as a waiver, in whole or in part, and that party shall have thirty (30) business days after learning of the improper designation to so stamp or otherwise designate the Information.

3.6 Resolution of Disputes Regarding Confidentiality Designations. In the event that any party to this Litigation disputes any confidentiality designation, such party shall provide to the Producing Party written notice of its disagreement with the designation with particularity. A failure of any party to expressly challenge a designation shall not constitute a waiver of the right to assert at a subsequent time that a designation is not in fact Confidential, Highly Confidential, or an appropriate designation for any reason. The objecting party shall not unreasonably delay in bringing its objection to the attention of the Producing Party. In an effort to settle such dispute without judicial intervention, the parties shall meet and confer within five (5) business days after such notice to reconsider the circumstances and explain the bases for maintaining or challenging the designation. If the dispute cannot be resolved during the meet and confer period, any party may request relief from the Court by filing and serving a joint stipulation and motion under Local Rule 37 (and in compliance with Local Rule 79-5, if applicable) within fourteen (14) days of the parties' meet and confer. During the pendency of such dispute or application, and until the Court may rule otherwise or the time for filing the joint stipulation has expired, the Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall remain subject to the designations and restrictions of this Protective Order. Nothing in this Protective Order shall be deemed to allocate or reallocate any substantive burdens with respect to confidentiality; the party claiming confidentiality shall have the burden to establish that the challenged Information is entitled to confidential treatment.

3.7 Inadvertent Production of Privileged Information. In accordance with Federal Rule of Evidence 502, in the event a Producing Party inadvertently fails at the time of production to assert a claim of attorney-client privilege or work product

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

immunity, such production shall not be a waiver of that privilege or work product claim in this Litigation or in any other Federal or State proceeding. Assertion of the privilege or work product claim shall be made by written notice as soon as practicable after learning of the inadvertent disclosure. Within ten (10) days after receiving a written request from the Producing Party, the Receiving Party must return or destroy the Information and make reasonable efforts to retrieve any such Information disclosed to any third party prior to the notification; provided, however, that the Receiving Party may retain one copy of the Information solely for the purpose of challenging the privilege claimed by the Producing Party. The Receiving Party shall not review, use, or disclose the Information, unless the claim of privilege or protection is either withdrawn by the Producing Party or ordered withdrawn by the Court. A party may, after conferring with opposing counsel in a good faith effort to resolve by agreement any dispute regarding the assertion of attorney-client privilege or work product immunity, contest the Producing Party's claim of privilege or immunity by motion. Neither party shall offer evidence or argue that the production or return of the Information or Document should be considered in ruling on the validity of the asserted privilege.

**4. <u>RESTRICTIONS ON DISCLOSURE, ACCESS, AND USE</u>**

4.1 Record Maintenance. All Confidential and Highly Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner than ensures that access is limited to persons authorized under this Protective Order.

4.2 Redacted Information. Any party may further limit access to Confidential and Highly Confidential Information by: (1) redacting Social Security numbers, credit card numbers, names of minor children, dates of birth, and financial account numbers, until and unless the Court orders that such numbers and information be produced; and (2) redacting privileged materials prior to production. Nothing in this Protective Order shall be construed as a waiver of any party's right

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

to object to such redactions, and to seek production of the unredacted Documents nor shall it be construed as a waiver of any Producing Party's ability to redact Information beyond the categories listed herein. A party who seeks disclosure of redacted Information shall meet and confer with the redacting party and, if the dispute cannot be resolved informally, may seek relief from the Court in the same manner set forth in Section 3.6.

4.3 Copies, Summaries, and Extracts. No individual shall make copies, extracts, or summaries of any Confidential or Highly Confidential Information produced during the course of this Litigation except to the extent necessary for use as permitted by this Protective Order. Counsel and all persons to whom such copies, extracts, or summaries are disclosed shall take all reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of such material.

4.4 Limitation to Instant Action. No person or party, including third parties, receiving any Confidential or Highly Confidential Information during the course of these proceedings, shall disclose such Confidential or Highly Confidential Information to anyone other than as permitted by this Protective Order, nor use such Confidential or Highly Confidential Information for any purpose other than for use in this Litigation. Notwithstanding the foregoing, if a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Information designated in this action as Confidential or Highly Confidential, the Receiving Party must so notify the Producing Party, in writing (by e-mail and/or facsimile) immediately and in no event more than five (5) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order and afford the designating party a reasonable opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

4.5 Third Party Discovery. To the extent that any discovery is sought from a person or entity who is not a party to this Litigation, and in the event such third party or any of the parties hereto contend the discovery sought from the third party by a requesting party involves Confidential or Highly Confidential Information, then such third party may agree to be bound by this Protective Order and to produce Information in compliance with and under the protection of the terms of this Protective Order.

4.6 Unauthorized Disclosure of Confidential or Highly Confidential Information. If a party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential Information to any person or in any circumstance not authorized under this Protective Order, that party must immediately: (a) notify in writing the Producing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Confidential or Highly Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons execute the Certification in the form shown in Exhibit A. The Producing Party shall reserve the right to pursue all available remedies for violation of the terms of this Protective Order in the event of an unauthorized disclosure of Confidential or Highly Confidential Information.

4.7 Filing Confidential or Highly Confidential Information. Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a party or non-party may not file in the public record in this or any other action any Confidential or Highly Confidential Information protected under this Protective Order. A party who wishes to file

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Confidential or Highly Confidential Information with the Court must attempt to file that Confidential or Highly Confidential Information, including any descriptions of or reference to that Confidential or Highly Confidential Information, under seal in compliance with Local Rule 79-5 **and in accordance with the Introduction of this Protective Order**. If a Document is filed under seal, where possible, ***only the portions of filings (e.g., exhibits) containing Confidential or Highly Confidential Information shall be filed with the Court under seal***. Such filings shall be filed in sealed envelopes which will be endorsed with the title and docket number of this Action, an indication of the nature of the contents of such sealed envelope, and a statement substantially in the following form: FILED UNDER SEAL. If any Confidential or Highly Confidential Information is filed with the Court under seal, then the party submitting the Confidential or Highly Confidential Information shall file a public copy of the pleading containing the Confidential or Highly Confidential Information in redacted form. Notwithstanding this paragraph, a Producing Party may file its own Information with the Court without filing under seal.

**5. ORDER NOT APPLICABLE**

5.1 Nothing contained herein shall prevent any party from using Confidential or Highly Confidential Information **in any Court proceeding, including trial,** subject to the Federal Rules of Civil Procedure and the Local Rules of this Court, including Local Rule 16. Confidential or Highly Confidential Information that **is** introduced at trial should not include confidentiality designation stamps. The removal of the confidentiality stamp, however, shall not affect the status of the Confidential or Highly Confidential Information unless it is admitted into evidence by the Court, in which case, unless the Court orders otherwise, the evidence will become public knowledge. Nothing in this Protective Order shall limit a Producing Party's use of its own Confidential or Highly Confidential Information, at trial or at any time.

**6. DURATION AND TERMINATION**

6.1 Even after the termination of this Litigation, the confidentiality obligations imposed by this Protective Order shall remain in force and effect unless or until it is modified, superseded, or terminated on the record by agreement of the parties hereto or by order of the Court.

6.2 Within sixty (60) days after the final termination of this action, which includes any final judicial appellate review, each Receiving Party must return to the Producing Party any and all Confidential or Highly Confidential Information, and all copies, summaries, and extracts of the same, or shall certify by the sixty (60) day deadline the destruction of such material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential or Highly Confidential Information. Any such archival copies that contain or constitute Confidential or Highly Confidential Information remain subject to this Protective Order.

**7. MISCELLANEOUS**

7.1 Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

7.2 Right to Assert Other Objections. By **having stipulated** to the **Court's** entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing, or producing any Information on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO ORDERED.

DATED: December 26, 2012

Margaret A. Nagle

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**EXHIBIT A: CERTIFICATION AND CONFIDENTIALITY AGREEMENT**

I, _________________, certify and declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Gary Dean v. Dick's Sporting Goods, Inc.*, Case No. CV-12-07313 SVW (MAN). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any Information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I acknowledge that I am to retain all copies of any of the materials that I receive that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in a manner consistent with this Protective Order, and that all such copies are to be returned or destroyed as specified in this Protective Order on the termination of this Litigation or the completion of my duties in connection with this Litigation.

______________________________ ______________________________
Date Signature

______________________________ ______________________________
Company Name Printed Name

______________________________
City and State where sworn and signed